By the Court.—Sedgwick, J.
The case of Breese v. The United States Telegraph Company, decided in the supreme court (45 Barb. 274) and in the commission of appeals settles the law to be, that the matter printed on the blank above the message which the plaintiffs required the company to send, and which was signed by one of the plaintiffs, forms a part of a contract between the parties. The opinion delivered in the commission of appeals in Breese v. The United States Telegraph Company, is not in the reports, but a *396 printed copy of it was handed to the court in this case by the appellant’s counsel.
By that contract it was agreed that the company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message. Bumstead v. Dividend Ins. Co., 12 N. Y. 91; Ames v. N. Y. Union Ins: Co., 14 Id. 265 ; Ripley v. The Ætna Ins. Co., 30 Id. 163 ; Roach v. The N. Y.. & Erie Ins. Co., 30 Id. 548; sustain the validity of such a stipulation.
The plaintiff, to show that he had complied with the stipulation, proved that his attorney within the sixty days made out in writing a statement showing the loss the plaintiffs had sustained; that the attorney took this statement to the office of the defendant; that' he stated his business and exhibited this paper to a person in that office, whom he supposed to be an operator, that the person “ took the paper, looked at it, handed it back, and told him he had nothing to do with it, and knew nothing about it, and referred him up stairs to some of the officials that the attorney went up stairs and asked for the treasurer, who was absent, and further asked for Mr. Wade, who, on the paper that contained the despatch, was named as president of the defendant, and was told that he was out of town ; that the attorney then left the office, taking with him the written statement; that the attorney, after the sixty days had ended, made in writing another statement of the claim which he left with the company.
The clause in question is not full in its expressions ; Yet there can be no doubt of its meaning. To present, has, among others, two meanings—the one, to exhibit, &c., and the other, to give. This latter is intended in this case. To perform his obligation the plaintiff had to deliver over to and put under the dominion of the company the claim in writing within sixty days. This was never done. The attorney never absolutely lost, *397 even for a short space of time., his control of the statement. He stated his business and exhibited the paper to a man in the office, he supposed to be an operator. Evidently this was a preliminary to his parting with it finally. In response, the man, taking the paper in his hand, not to receive it, but examine it, said he had nothing to do with it and knew nothing about it, and the attorney took the paper back. This sufficiently shows that the plaintiffs on this occasion did not do what had to be done on their part to put the company in possession of the written claim. There was no delivery.
But if they had in the first instance, the taking of it back would .be sufficient to show that there was no presentation of the claim in the meaning of the contract. It would prevent the company attaining that final possession of it which is an essential part of a presentation under the contract.
It cannot be said that if the company once having it, chose to return it, the plaintiffs might receive it. If the so-called operator was an agent of the company to receive such a statement for the purpose of being sent to the right officer or department, he certainly was not, and to the knowledge of the plaintiff, its agent to return it.
And generally the object of the clause was that the company should have in its possession a written statement of claim. If the plaintiffs so act in regard to the written statement, that the defendant can have none of the benefits of its possession, they do not fulfill the contract.
The court • charged that if the jury believed the facts that have been stated here to have actually ocr corred, then the plaintiffs had given the statement of the claim under the clause in question.
An exception was taken to this, and on this ground the judgment must be reversed.
*398 In light of this conclusion it is not of practical importance to examine the other exceptions taken in the case.
Judgment reversed, new trial ordered, with costs ’ to appellant to abide event.